UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                            Case No. 18-cv-20542-2
                                              Hon. Matthew F. Leitman

v.

D2, ERIC ROGERS,

       Defendant.

_____/

## ORDER DENYING DEFENDANT'S
## EX PARTE OMNIBUS MOTION (ECF No. 194)

In March 2023, a jury found Defendant Eric Rogers guilty of one count of conspiracy to commit carjacking, five counts of aiding and abetting carjacking, and five counts of aiding and abetting the brandishing of firearms during the carjackings. (*See* Redacted Jury Verdict Form, ECF No. 160.)  The Court subsequently sentenced Rogers to a lengthy term of imprisonment.[1] (*See* Judgment, ECF No. 174, PageID.1421.)  Rogers appealed his convictions and sentence to the Sixth Circuit, and that court affirmed his convictions and sentence. *See United States v. Rogers*, No. 23-1663, 2024 WL 4785333 (6th Cir. Nov. 14, 2024).

---

[1] District Judge Bernard A. Friedman presided over Rogers' jury trial and sentencing.  This case was reassigned to District Judge Matthew F. Leitman in August 2025 pursuant to Local Rule 57.10. (*See* Text Order dated 08/28/2025.)

1

Now before the Court is Rogers' Ex Parte Omnibus Motion, which he filed on August 26, 2025. (*See* Mot., ECF No. 194.)  In that motion, Rogers suggests that his two appellate lawyers "may not [have] effectively represent[ed] him on his direct appeal" and may have failed to submit "ineffective issues that should [have been] but [were] not submitted" to the Sixth Circuit for its review. (*Id.*, PageID.2337-2338.)  He also expresses his view that there may have been conflict between the two attorneys on appeal and/or that one of those attorneys (the one who also served as his trial counsel) may have been operating under a conflict of interest during the appeal. (*See id.*)  Finally, he says that he has requested his case files from his appellate counsel in order to file a petition for a writ of habeas corpus under 28 U.S.C. § 2255, but he has not yet received them. (*See id.*, PageID.2338-2340.)  In his request for relief, he asks the Court to (1) order his counsel to provide him his case files in paper form, (2) "issue an order to the United States directing it to preserve" various records related to his case and make them available to him "upon request should the defendant move pro se in a § 2255 proceeding," (3) "order the court reporting division" to provide him transcripts of "all of the record proceedings before the District Court," and (4) "order the Clerk" or his attorneys to provide him essentially all docket filings. (*Id.*, PageID.2340-2341.)  The motion is **DENIED**.

While the Court understands that Rogers may need some of the requested records to prepare a motion attacking his conviction and sentence under 28 U.S.C. §

2

2255, Rogers has not yet persuaded the Court that it should require production of those documents at this stage of the proceedings.  As an initial matter, it is not clear to the Court that it has the authority to enter an order compelling Rogers' appellate lawyers to provide him with their files.  Next, the Court is not yet convinced that Rogers is entitled to a free copy of all of the documents on the Court's docket (including trial transcripts) at no cost.  The transcripts have already been provided to his counsel at no cost.  Moreover, he has not yet shown a need for a copy of each and every document on the Court's docket.  He has not identified with precision any particular issues he intends to raise in a motion under Section 2255, nor has he demonstrated how any particular filing on the Court's docket is essential for the filing of a motion under Section 2255.  Finally, Rogers' request that the Court order the United States to preserve and make available evidence also appears premature, and Rogers has not provided any justification for his request besides that he might file a habeas petition at some point in the future.

While the Court declines to grant Rogers' current motion, the Court will send a letter to Rogers' counsel-of record, attorneys James W. Amberg and Andrew J. Hubbs, making them aware of Rogers' motion and his requests for copies of their files.  In addition, the Court will permit Rogers to file a renewed motion seeking a much more targeted production of documents and explaining why each requested document is relevant to a claim he may raise in a motion under Section 2255.

One last point. While it is certainly beneficial for a convicted defendant in Rogers' position to have trial transcripts and court filings when preparing a motion under Section 2255, it is not essential. If Rogers believes that his attorneys provided ineffective assistance of counsel or that other errors occurred during his trial and/or sentencing, he may file a motion under Section 2255 without specifying transcript pages or citing to docket entries.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: May 4, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 4, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126